tory witnesses, both of whom would have provided critical testimony contradicting and impeaching that of the prosecution's only identification eyewitness.

2) Did the trial court err in permitting into evidence and then instructing the jury that Petitioner was not licensed to carry a firearm, where this evidence was unsupported in the record, had no relevance, and only caused unfair prejudice.

In addressing question (1), the parties shall also present argument on the following issue:

Should the Court reconsider the practice initiated in *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687, 695 n. 6 (1977), of requiring that "ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant."

**D'Wayne PATRICK, Appellant,**

v.

**Martin F. HORN, Donald Vaughn, William Zinkgalman, Ms. Thomas, and Ms. Herring, Appellees.**

Supreme Court of Pennsylvania.

Aug. 20, 2001.

*ORDER*

PER CURIAM:

**AND NOW,** this 20th day of August, 2001, the Order of the Commonwealth Court dated September 22, 2000, is hereby affirmed.

■

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Jonathan Charles KENT, Petitioner.**

Supreme Court of Pennsylvania.

Aug. 21, 2001.

*ORDER*

PER CURIAM

AND NOW, this 21st day of August, 2001, it is ORDERED as follows:

Petitioner was represented by appointed counsel in his appeal to the Superior Court, which resulted in affirmance of the judgment of sentence. Thereafter, petitioner filed a pro se petition for allowance of appeal.

Pa. R.Crim.P. 122(C)(3), formerly Pa. R.Crim.P. 316(c)(iii), requires that: "Where counsel has been assigned, such assignment shall be effective until final judgment, including any proceedings upon direct appeal."

Petitioner's counsel, appointed in connection with his appeal to the Superior Court, is directed to proceed in accordance

with the Rule. *Commonwealth v. Hickox,* 433 Pa. 144, 249 A.2d 777 (1969).

■

## COMMONWEALTH of Pennsylvania, Respondent,

v.

## James STANSELL, Petitioner.

Supreme Court of Pennsylvania.

Aug. 21, 2001.

### ORDER

PER CURIAM

AND NOW, this 21st day of August, 2001, it is ORDERED as follows:

Petitioner was represented by appointed counsel in his appeal to the Superior Court, which resulted in affirmance of the judgment of sentence. Thereafter, petitioner filed a pro se petition for allowance of appeal.

Pa. R.Crim.P. 122(C)(3), formerly Pa. R.Crim.P. 316(c)(iii), requires that: "Where counsel has been assigned, such assignment shall be effective until final judgment, including any proceedings upon direct appeal."

Petitioner's counsel, appointed in connection with his appeal to the Superior Court, is directed to proceed in accordance with the Rule. *Commonwealth v. Hickox,* 433 Pa. 144, 249 A.2d 777 (1969).

■

## James ELMORE, Appellant,

v.

## PENNSYLVANIA BOARD OF PROBATION PAROLE, Appellee.

No. 21 EAP 2001.

Supreme Court of Pennsylvania.

Aug. 21, 2001.

### ORDER

PER CURIAM:

AND NOW, this 21st day of August, 2001, probable jurisdiction is noted and the order appealed is affirmed.

■

## COMMONWEALTH of Pennsylvania, Respondent,

v.

## Norman WALKER, Petitioner.

Supreme Court of Pennsylvania.

Aug. 29, 2001.

### ORDER

PER CURIAM:

AND NOW, this 29th day of August, 2001, the Petition for Allowance of Appeal is hereby GRANTED, LIMITED to the issue of whether the Superior Court's analysis was in accord with the standard enun-